[Civ. No. 5199.   Second Appellate District, Division One.—April 28,
1926.]

In the Matter of the Election of GEORGE E. CRYER, for
   Mayor, etc.   EDNA ALLEN, Appellant, v. GEORGE
   E. CRYER, Respondent.

[1] Election Law — Malconduct — Contest — Insufficient State-
   ment.—A statement of election contest that petitioner "is in-
   formed and believes and states on information and belief" that
   in each of the precincts in the city of Los Angeles (of which
   there were over one thousand in number) "at which voting was
   had . . . for the office of mayor, there was malconduct on the
   part of the board of judges and of each member thereof, in that
   they and each of them counted ballots which were cast at said
   election for" a designated person "for mayor, which were not
   intended to be cast for him, which said ballots had been at said
   election lawfully cast for such other candidates; and, further-
   more, disqualified and threw out ballots and failed to count the
   same for other candidates, which said ballots had been at said
   election lawfully cast for such other candidates; and thereby
   procured" said designated person "to be declared elected . . .
   when he had not received the number of votes necessary and
   proper for him to have received to have been so declared," does
   not sufficiently comply with the requirement of section 1115 of
   the Code of Civil Procedure that such statement must set forth
   "the particular grounds of such contest."

[2] Id.—Absence of Wrongful Intent—Right of Contest.—The word
   "malconduct," as used in section 1111 of the Code of Civil Pro-
   cedure, was intended to broadly include erroneous conduct without
   wrongful intention; and under that and the succeeding sections
   of said code it was intended that if by irregularity and error
   in the counting of the votes a person has been declared elected
   "when he had not received the highest number of legal votes,"
   such election may be contested by the mode of procedure out-
   lined by said code sections.

[3] Id.—Liberal Construction—Recount—Insufficient Charges.—
   Although the provisions of the statute relating to the statement
   of contest should be liberally construed, the law contemplates that
   there shall be at least some definite particularity in the charge
   of malconduct by election officers; and a single elector, without
   any information on which to base his complaint, is not entitled
   to impose on the superior court the burden of recounting the

3.  See 10 Cal. Jur. 124.

entire vote cast by the electors, in a great city in which there are hundreds of thousands of voters, upon the general charge that the election count was irregular and erroneous.

(1) 20 C. J., p. 239, n. 64 New.   (2) 20 C. J., p. 217, n. 53, p. 228, n. 16; 38 C. J., p. 343, n. 5.   (3) 20 C. J., p. 228, n. 15, 16.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John L. Fleming, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Gesner Williams and Morris R. McLaughlin for Appellant.

Clarke & Bowker for Respondent.

CONREY, P. J.—Section 328 of the charter of the city of Los Angeles, relating to primary nominating elections, provides as follows: "In the event that any candidate for nomination to any office for which only one person is to be elected shall receive a majority of the votes cast for all the candidates for nomination to such office at such primary nominating election, the candidate so receiving such majority of votes shall be deemed to be and declared by the council to be elected to such office; . . . "  On the fifth day of May, 1925, at the regular primary nominating election, George E. Cryer was one of six candidates for nomination for the office of mayor.  Thereafter in due course the city council canvassed the returns of said election and declared that George E. Cryer was elected at said election as such mayor of the city.  Thereafter the contestant, Edna Allen, an elector of the city, filed in the superior court a written statement of contest of said purported election.  The court having thereafter sustained a demurrer to the statement of contest, and having at the same time granted a motion to dismiss said statement, judgment of dismissal of the proceeding was entered.  The contestant appeals from the judgment.

Section 1115 of the Code of Civil Procedure prescribes the facts necessary to be set forth in a statement of election contest.  Without question, the statement of contest shown in the record here was sufficient, except that it is claimed

that it did not comply with the requirement that such statement shall set forth "the particular grounds of such contest." Section 1117 of the Code of Civil Procedure reads as follows: "No statement of the grounds of contest will be rejected, nor the proceedings dismissed by any court for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which such election is contested."

[1] The amended statement of contest in this proceeding sets forth the grounds of contest in the following paragraph, numbered IV: "That petitioner herein, said elector, is informed and believes and states on information and belief, that in each of said precincts set forth and mentioned in said exhibit 'A' at which voting was had on said May 5, 1925, for the office of Mayor, there was malconduct on the part of the board of judges and of each member thereof, in that they and each of them counted ballots which were cast at said election for the said George E. Cryer for mayor, which were not intended to be cast for him, which said ballots had been at said election lawfully cast for such other candidates; and, furthermore, disqualified and threw out ballots and failed to count the same for other candidates, which said ballots had been at said election lawfully cast for such other candidates; and thereby procured the said George E. Cryer to be declared elected to the office of Mayor of the city of Los Angeles, when he had not received the number of votes necessary and proper for him to have received to have been so declared."

In the bill of exceptions it was stipulated that exhibit "A" of the statement (the ordinance calling the election) need not be copied into the bill of exceptions, but that the same may be exhibited to this court if required. Without actually examining said exhibit, we shall assume, according to the undenied statement in the brief of counsel for respondent, that said ordinance shows that at the time of said primary election, there were 1,026 election precincts within the city of Los Angeles. Presumably, votes were cast in each of said precincts. The grounds of contest permitted by the law as stated in section 1111 of the Code of Civil Procedure include the following: "1. For malconduct on the part of the board of judges or any member thereof." In the statement of contest herein, there was no attempt to

state any recognized ground of contest, unless that part of the statement which we have quoted can be construed as stating in some one or more particulars the fact of malconduct of the board of judges in some precinct or precincts. It is alleged by petitioner on her information and belief that in each of said precincts "there was malconduct on the part of the board of judges and of each member thereof." Under the rule that a demurrer admits the truth of the pleading against which it is directed, we are asked to assume, extraordinary though the fact may be, that each and all of the 1,026 boards of judges at said election, and each and all of the members thereof, were guilty of malconduct, and that the industry of petitioner was such that prior to filing her petition she obtained information upon which to found and declare her belief in such universal malconduct. Yet, notwithstanding such amazing prevalence of guilt or incompetency, the statement of contest contains no charge of corrupt or otherwise wilful wrongdoing on the part of any judge of election. There are two, and only two, varieties of alleged malconduct stated. The first of these is that in each precinct ballots were counted in favor of Cryer which were not intended to be cast for him and which had been lawfully cast "for such other candidates." The second is that said judges "threw out ballots and failed to count the same for other candidates, which said ballots had been at said election lawfully cast for such other candidates."

It needs no argument to show that the counting of a ballot in favor of a candidate other than the one for whom it was cast may be the result of an innocent mistake in the reading, or may result from an innocent clerical error in marking the tally sheets. It is equally true that when an election board "throws out" ballots and thereby fails to count the same for the candidates in whose favor they were cast, such action of the board may be the result of an honest and fair, even if erroneous, opinion of the judges, that for some sufficient reason the ballots were illegal in form or were illegally cast. It is one of the presumptions of law, although a disputable presumption, and is so declared in section 1963 of the Code of Civil Procedure, "1. That a person is innocent of crime or wrong; . . . 15. That official duty has been regularly performed."

We are satisfied that the statement filed by petitioner did not allege any intentional misconduct on the part of any judge or board of judges of the election. [2] We are of the opinion, however, that the word "malconduct" as used in section 1111 of the Code of Civil Procedure was intended to broadly include erroneous conduct without wrongful intention. This is made clear by section 1112 of the Code of Civil Procedure, which reads as follows: "No irregularity or improper conduct in the proceedings of the judges, or any of them, is such malconduct as avoids an election, unless the irregularity or improper conduct is such as to procure the person whose right to the office is contested to be declared elected when he had not received the highest number of legal votes." From this we infer that it was intended that if by irregularity and error in the counting of the votes a person has been declared elected "when he had not received the highest number of legal votes," such election may be contested by the mode of procedure outlined under the title "Contesting Certain Elections." (Sec. 1111 et seq., Code Civ. Proc.) If this were not so, the apparent purpose of the statute would be frustrated in all cases of mere error resulting in the awarding of an election certificate to a person who in fact was not elected.

[3] Although the provisions of the statute relating to the statement of contest should be liberally construed, it remains true that the law contemplates that there shall be at least some definite particularity in the charge of malconduct by election officers. It is absurd to suppose that a single elector, without any information on which to base his complaint, is entitled to impose on the superior court the burden of recounting the entire vote cast by the electors, in a great city in which there are hundreds of thousands of voters. To the contest of such an election we may well apply the rule stated by this court in *Thornber* v. *Hart*, 29 Cal. App. 284 [155 Pac. 99]: "While section 1117 of the Code of Civil Procedure, provides that no statement of the grounds of contest will be rejected for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which such election is contested, it does seem clear that the contestee in such cases is entitled to have stated the particulars in which it is charged that malcon-

duct was committed on the part of the officers conducting the election."

The statement of contest in this case does not come up to the standard of the rule above stated. Without the slightest emphasis on any part of the conduct of the boards or officers of election, the statement distributes its accusation evenly across the whole field of more than a thousand precincts. It is not anything other than a general charge that the election count was irregular and erroneous. As well might the contestant say, without more extended phraseology: "The entire count by the boards of election was wrong; Mr. Cryer was not elected; I demand a recount by the superior court." The statute never was intended to authorize any such obstruction of public business.

For the foregoing reasons, we think that the appeal is without merit.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1926.

Conrey, J., *pro tem.*, did not participate.