[S.F. No. 23832. Dec. 14, 1978.]

ENTERPRISE RESIDENTS LEGAL ACTION AGAINST
ANNEXATION COMMITTEE et al., Plaintiffs and Appellants, v.
RICHARD BRENNAN, as Clerk, etc., et al.,
Defendants and Respondents.

COUNSEL

Thomas D. Logie for Plaintiffs and Appellants.

Robert A. Rehberg, County Counsel, for Defendants and Respondents.

OPINION

MOSK, J.—Elections Code section 20084 provides that in an election contest the court shall open and recount the ballots at trial if the statement filed by the contestant appears to make a recount "necessary for the proper determination of the contest."[1] The issue we are asked to resolve is whether a contestant may compel a recount under this section as a matter of right if the ground upon which he challenges the election is that the ballots have been incorrectly counted and the statement of contest alleges facts to support that claim.

Plaintiffs are residents of the Enterprise Public Utility District (hereinafter EPUD), an unincorporated area adjacent to the City of Redding in the County of Shasta. On Tuesday, November 2, 1976, an election was held to decide whether EPUD should be dissolved and annexed to the City of Redding. The ballot measure required a concurrent majority of those voting in both the city and EPUD in order to carry.

The official canvass disclosed that Redding voters expressed overwhelming approval of the proposed annexation; EPUD electors voted 2,788 for consolidation and 2,231 against, however, a difference of 557 votes. The county clerk declared that a majority of the electors of EPUD

---

[1]Unless otherwise stated, all code references hereinafter are to the Elections Code. Section 20084 provides: "At the trial the ballots shall be opened and a recount taken, in the presence of all the parties, of the votes cast for the various candidates in all contests where it appears from the statements filed that a recount is necessary for the proper determination of the contest. The recount shall include a tabulation of all names written upon a ballot and which are subject to canvass pursuant to Chapter 9 (commencing with section 17100) of Division 12."

favored dissolution and annexation, and a record of the result was certified to the Secretary of State.

Plaintiffs do not contest the Redding vote, but dispute the EPUD tally. They filed a timely statement of contest pursuant to section 20050, naming county, municipal, and EPUD officials as defendants.[2] The statement alleged grounds for the contest as provided in section 20021.[3] Specifically, plaintiffs averred under subdivision (a) of section 20021 that the officials supervising the election were guilty of malconduct in that they caused "over 2000 ballots to be misplaced on election night; . . . [were] under the influence of alcohol while counting votes; . . . [and permitted] unauthorized persons in the area where ballots were being counted," and that these irregularities were sufficient to change the election result. Additional allegations recited verbatim the terms of subdivisions (e) and (f).

At pretrial conference the court ruled that plaintiffs were entitled to a recount only if they demonstrated on the basis of evidence other than the ballots themselves that there was a substantial possibility of a miscount which affected the outcome of the election.[4] Plaintiffs objected to this

[2]Section 20050 provides: "When an elector contests any election he shall file with the county clerk a written statement setting forth specifically:

"(a) The name of the contestant and that he is an elector of the district or county, as the case may be, in which the contested election was held.

"(b) The name of the defendant.

"(c) The office.

"(d) The particular grounds of contest and the section of this code under which the statement is filed.

"(e) The date of declaration of the result of the election by the body canvassing the returns thereof."

[3]Section 20021 provides: "Any elector of a county, city, or of any political subdivision of either may contest any election held therein, for any of the following causes:

"(a) That the precinct board or any member thereof was guilty of malconduct.

"(b) That the person who has been declared elected to an office was not, at the time of the election, eligible to that office.

"(c) That the defendant has given to any elector or member of a precinct board any bribe or reward, or has offered any bribe or reward, for the purpose of procuring his election, or has committed any other offense against the elective franchise defined in Division 17 (commencing with Section 29100).

"(d) That illegal votes were cast.

"(e) That the precinct board in conducting the election or in canvassing the returns, made errors sufficient to change the result of the election as to any person who has been declared elected.

"(f) That there was an error in the vote-counting programs or summation of ballot counts."

[4]The court also denied plaintiffs' application for a temporary restraining order and an order to show cause why the certification and implementation of the election results should not be enjoined.

ruling, arguing that section 20084 does not require them to make an evidentiary showing that a recount is necessary, and that since their statement of contest alleged facts which justified a recount the court was compelled to grant their request. They also offered to advance the costs of the recount, as required by section 20088.

Nevertheless, at trial the court proceeded to take evidence on the merits of plaintiffs' claims. It was disclosed that on the night of the election the poll workers in each precinct of EPUD conducted an unofficial physical count of the vote. The ballots were then forwarded to the county clerk's office for the official computer tally. The district attorney was in the clerk's office with the election officials while ballots were being sorted for computer tabulation; there was conflicting evidence as to whether he was intoxicated and whether he touched boxes containing ballots. The ballots were tabulated by a computer in the adjoining board of supervisors' meeting room, and a screen in the clerk's office announced a running total of the results. The final canvass that evening was 2,000 votes short of the preceding physical count made by poll workers in EPUD.

Three days after the election, the ballots were again tallied by computer. The results of this count were exactly the same as the physical count on the night of the election, and these figures were announced as the official tally.

The court found that the 2,000-vote discrepancy in the first computer count, which plaintiffs alleged resulted from "misplaced" ballots, was due to a programming error, and that this error was discovered and corrected and had no effect on the final official canvass; that none of the persons counting the ballots was under the influence of alcohol; and that while the district attorney was not authorized to be in the vote processing area, he did not interfere with the count and his presence had no effect on the results of the official canvass. The court concluded that plaintiffs did not establish that a recount of ballots was necessary for the proper determination of the contest, and it confirmed the results of the election.

Plaintiffs contend that the plain language of section 20084 requires a recount when, as here, the grounds alleged in the statement of contest are such that a recount would be required if the allegations were true. We agree with this reading.

In construing a statute it is the task of the court to determine the intent of the Legislature so as to fulfill the purpose for which the statute

was enacted. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 515 P.2d 1224], and cases cited.) We turn first to the words of the statute.

■ Section 20084 provides that at trial "the ballots shall be opened and a recount taken . . . where it appears *from the statements filed* that a recount is necessary for the proper determination of the contest." (Italics added.) The emphasized phrase distinctly directs the court to the statement of contest referred to in section 20050. (Fn. 2, *ante.*) Although the section does not explicitly preclude the court from going beyond the statement of contest in determining the necessity of a recount, if it were not for the inclusion of the quoted phrase the court could presumably consider both the statement and extrinsic evidence in determining whether a recount should be ordered. The limitation, "from the statements filed," would be surplusage if the Legislature did not intend to confine the court to that material in making its determination of necessity. Thus the language of the section implies a legislative intent that the court look *only* to the statement of contest in determining whether a recount shall be ordered.

Considerations of public policy also favor this construction. To allow courts to reach beyond the statement of contest in deciding the necessity of a recount would postpone resolution of the challenge. As occurred here, the denial of a recount may trigger subsequent appeals and further delays. The cloud that lingers over the legitimacy of an election can cast its shadow for years. Here the resolution has been delayed for two years, during which time, according to defendants, services between the city and the former EPUD have been integrated, a bond issue of approximately $10 million for sewer and electrical services has been approved, and the former chairman of EPUD has been elected to the city council. A recount in the first instance would have immediately resolved the matter and avoided the uncertainties which the trial of a contest generates. In view of these considerations, the election contest provisions should be construed liberally in favor of the contestant. (*In re Cryer* (1926) 77 Cal.App. 605, 609 [247 P. 252].)

The Legislature itself has expressed concern over election contest delays, as shown by the following statutory requirements: in most cases such a contest must be filed, if at all, within 30 days after the declaration of the election result (§ 20051, subd. (d)); the county clerk must notify the superior court of the filing within 5 days, and the court must thereafter set a hearing to be held within 20 days (§ 20080); the commencement of the hearing or trial cannot be continued for more than 20 days (§ 20083); and

the court is required to file its findings of fact and conclusions of law within 10 days after the close of the proceedings (§ 20086). Moreover, the Legislature has explicitly precluded the court from dismissing a contest for want of form (§ 20053). Consistently, we held in *Garrison* v. *Rourke* (1948) 32 Cal.2d 430, 438 [196 P.2d 884], overruled on other grounds, *Keane* v. *Smith* (1971) 4 Cal.3d 932, 939 [95 Cal.Rptr. 197, 485 P.2d 261], that no "nicety of pleading" is required. It is clear the Legislature intended to ensure the speedy and practical resolution of election contests in order to promptly ascertain the will of the people. This legislative goal is promoted by interpreting section 20084 so as to confine the trial court to the statement of contest in determining whether a recount is necessary.

It is important to note that in order to compel a recount a contestant must comply with section 20053, which entitles the court to dismiss the matter if the statement of contest fails to allege grounds with sufficient certainty to "advise the defendant of the particular proceeding or cause for which the election is contested."[5] The predecessor of section 20053 was applied in *In re Cryer* (1926) *supra,* 77 Cal.App. 605. That case involved a contest statement which alleged that the board of elections had tallied ballots for the Mayor of Los Angeles which were not intended to be cast for him and had disqualified ballots lawfully cast for other candidates. The proceeding was dismissed because the contestant failed to set forth the "particular grounds" of the contest, and the ruling was upheld on appeal.

In the present case the trial court apparently concluded that the charges set forth in plaintiffs' statement of contest were sufficiently specific to satisfy the requirements of section 20053, as it proceeded to take evidence on the merits of plaintiffs' claim. Clearly plaintiffs' charges, if true, would have required a recount, for they alleged that more than 2,000 ballots were misplaced in an election in which the announced margin of victory was less than 600. In these circumstances, the trial court erred in hearing evidence on the allegations contained in plaintiffs' statement and in determining on the basis of such evidence that plaintiffs were not entitled to a recount.[6]

---

[5]Section 20053 provides: "A statement of the grounds of contest shall not be rejected nor the proceedings dismissed by any court for want of form, if the grounds of contest are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which the election is contested."

[6]Plaintiffs' allegations that unauthorized persons were in the vote processing area and that the district attorney was intoxicated, although specific, would not make a recount necessary for the proper determination of the contest. Moreover, plaintiffs' mere recitation of subdivisions (e) and (f) of section 20021 are not sufficient to comply with the

Defendants insist that our interpretation of section 20084 renders the trial and subpoena provisions of the Elections Code inoperative. However, section 20021 (fn. 3, *ante*) provides six grounds on which an election contest may be based; proof of certain of these grounds does not require a recount but may necessitate a trial or evidentiary hearing. For instance, a trial may be necessary to establish that the person declared elected was not eligible for the office. (*Id.,* subd. (b).) Thus, the trial and subpoena provisions are not rendered inoperative by our interpretation of section 20084 as confining the trial court to the statement of contest in those situations in which the charges would require a recount.

Nor is there merit in defendants' assertion that the limitation we adopt will turn the contest provisions into a "wide-open recount procedure." The Legislature has provided ample safeguards against such an occurrence. Frivolous election contests are deterred by requiring the contestant to advance the costs of a recount (§ 20088), and in a populous district the costs are substantial. Moreover, the contestant must verify his statement of contest, which renders him liable for perjurious allegations. (§ 20051.) Lastly, a contestant must allege grounds with supporting facts which are sufficiently specific to advise the defendant of the particular cause for the challenge. (§ 20053.)

Finally, defendants assert that, to preserve the faith of the people in the electoral process, we must construe section 20084 to disallow easy access to a recount. Faith in the ballot box as an accurate index of public opinion is indeed essential; as Justice Douglas wrote, "Free and honest elections are the very foundation of our republican form of government." (*United States* v. *Classic* (1941) 313 U.S. 299, 329 [85 L.Ed. 1368, 1385, 61 S.Ct. 1031] (dis. opn.).) But public faith and confidence inexorably decline whenever final determination of a challenge for error or fraud is delayed for a substantial period or thwarted completely. ▮ It is the primary purpose of the election contest provisions to ascertain the will of the people and to make certain that mistake or fraud has not frustrated the public volition. (*Minor* v. *Kidder* (1872) 43 Cal. 229, 237; *Preston* v. *Culbertson* (1881) 58 Cal. 198, 209.) When courts erect barriers to the recount procedure—barriers not compelled by statute—public doubt is prolonged and suspicion replaces confidence.

certainty requirement of section 20053, because they do not constitute allegations of fact. As the court in *Cryer* stated, "It is absurd to suppose that a single elector, without any information on which to base his complaint, is entitled to impose on the superior court the burden of recounting the entire vote cast by the electors . . . ." (77 Cal.App. at p. 609.)

For the foregoing reasons, we conclude that plaintiffs are entitled to a recount. The judgment is reversed.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.