[No. G000553. Fourth Dist., Div. Three. Aug. 30, 1985.]

ESTELLE GREENBLATT, Plaintiff and Appellant, v.
KAPLAN'S RESTAURANT et al., Defendants and Respondents.

**COUNSEL**

Benjamin & Weber and Robert Ryan for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs and Gayle K. Tonon for Defendants and Respondents.

**OPINION**

**TROTTER, P. J.**—Plaintiff filed a complaint in Orange County Municipal Court for personal injuries arising out of an alleged fall in Kaplan's Restaurant.[1] The case was transferred to Orange County Superior Court upon plaintiff's motion.

On April 26, 1983, plaintiff filed a motion to specially set the case for trial, on the ground that due to her advanced age and poor physical condition there was a substantial likelihood that she would be prevented from bringing her case to trial if it were not specially set. (Code Civ. Proc., § 36.)[2] Plaintiff was 75 years old at the time of the motion to specially set.

---

[1]Defendant refers to itself as "Kaplan's House of Corned Beef."

[2]All references are to the Code of Civil Procedure.

Section 36 provides in pertinent part: "(a) A civil case shall be entitled to preference upon the motion of any party to such action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole.

" . . . . . . . . . . . . . . . . . .

"(e) Upon the granting of such a motion for preference, the clerk shall set the case for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."

The motion was granted, and pursuant to section 36, subdivision (e), the case was set for trial within 120 days. Following expiration of the 120-day period, plaintiff sought and was granted one 15-day continuance.

On September 15, 1983, plaintiff moved that the matter be taken off calendar due to her physical infirmity. In support of her motion, plaintiff filed the declaration of Dr. Charles J. Burstin, who stated that he had treated plaintiff and that in his opinion she was physically and mentally incapable of participating in a trial at that time or in the future. Defendant objected to plaintiff's motion, arguing that Burstin's declaration was inadequate and that plaintiff had already had the one continuance allowed under section 36, subdivision (e). The trial court denied plaintiff's motion to take the matter off calendar, and both parties stipulated to a continuance of seven days.

On September 22, 1983, plaintiff renewed her motion to have the matter taken off calendar. Following denial of the motion, plaintiff's counsel stated, ". . . given the fact that my client is unable to proceed, it would be fruitless to impanel a jury and just get non-suited at the opening statement, or whenever. So I would be willing to stipulate that a non-suit would be entered onto the record so that we could preserve this for appeal." Both parties stipulated to a nonsuit, which was entered with prejudice. An order on motion for nonsuit was subsequently filed.

Plaintiff filed a timely notice of appeal from the judgment of nonsuit.[3]

On appeal, plaintiff argues the trial court erred in denying her motion to have the case taken off calendar. She contends the purpose of section 36 is thwarted by the trial court's ruling. She states that an elderly plaintiff, who, because of her medical condition, is unable to proceed to trial within 120 days after being granted preference, should not be forced to do so because of an improper interpretation of the "one continuance" rule of subdivision (e).

The obvious intent of the Legislature in enacting section 36 was to ensure that elderly persons not be denied their rights in civil litigation because of the current lengthy delays in having cases set for trial. The legis-

---

[3]Generally, a judgment will not be disturbed on appeal by a party who consented to it. (*Kenworthy* v. *Hadden* (1978) 87 Cal.App.3d 696, 699 [151 Cal.Rptr. 169].) Such consent includes a stipulation. (*Ibid.*) However, "[t]he consent to the entry of judgment as a formal matter of procedure after an issue has been regularly determined against a party does not deprive him of the right of appeal. [Citation.] Where it appears from the record that consent was given merely *pro forma* to facilitate an appeal the party will not lose his right to be heard on appeal. (*Mecham* v. *McKay* (1869) 37 Cal. 154, 159." (*Id.,* at p. 700; see also *Schweiso* v. *Williams* (1984) 150 Cal.App.3d 883, 884, fn. 1 [198 Cal.Rptr. 238].)

lative history of section 36, although quite brief, supports this interpretation.[4] The "Comment" to the Bill Digest of the Assembly Committee on Judiciary indicates "[Section 36] would provide for an early trial date for persons who because of their advanced age or serious medical problems might die or become incapacitated before their cases come to trial." As the court in *Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 88-89 [185 Cal.Rptr. 853] noted, "These comments reflect the purpose of subdivision (a) to safeguard to litigants beyond a specified age against the legislatively acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and the opportunity to recover their just measure of damages or appropriate redress."

If we were to interpret subdivision (e) as requiring that, once a preferential setting has been granted, the case must proceed to trial within 120 days plus one 15-day continuance, even when the elderly person in whose favor the preferential setting was granted is too ill to proceed to trial, the entire purpose of section 36 would be subverted in favor of a literal reading of subdivision (e).

The cardinal principle of statutory interpretation is that a court is required to interpret statutes in a manner calculated to give effect to the intent of the Legislature. (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 12 [177 Cal.Rptr. 325, 634 P.2d 352]; *Enterprise Residents etc. Committee* v. *Brennan* (1978) 22 Cal.3d 767, 771-772 [151 Cal.Rptr. 1, 587 P.2d 658].) As was said by the court in *County of San Diego* v. *Muniz* (1978) 22 Cal.3d 29, at page 36 [148 Cal.Rptr. 584, 583 P.2d 109], "It is settled that a statute is to be construed in such a way as to render it 'reasonable, fair and harmonious with [its] manifest [legislative] purposes . . .' [citation], and the literal meaning of its words must give way to avoid harsh results, and mischievous or absurd consequences. [Citations.]" (See *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]; *Bruce* v. *Gregory* (1967) 65 Cal.2d 666, 673-674 [56 Cal.Rptr. 265, 423 P.2d 193].)

With these rules of construction in mind, we conclude that subdivision (e) should not have been interpreted so literally as to bar plaintiff's request to take the matter off calendar. We surmise the Legislature enacted subdivision (e) to prevent an attempted delay by a party who opposed a motion to specially set. However, where, as here, the elderly person who requests an early trial date because of ill health finds that illness or infirmity prevents his ability to go to trial within the 120 day period, he should not be forced to choose between a trial without his presence or dismissal. A

---

[4]Section 36 was enacted by Assembly Bill No. 146, Statutes 1979, chapter 151.

literal reading of subdivision (e) leads to this anomalous result. We hold the one continuance rule of subdivision (e) should not be interpreted to bar plaintiff's motion to take the matter off calendar.

The judgment of nonsuit is reversed, and the trial court is directed that this matter be placed on the trial court calendar without striking plaintiff's at-issue memorandum and that the case be set for trial in the normal course.

Sonenshine, J., and Wallin, J., concurred.