[Civ. No. 68663. Second Dist., Div. Four. Sept. 23, 1983.]

ALBERT COHEN, Plaintiff and Appellant, v.
ARTHUR S. RATINOFF, Defendant and Respondent.

## Counsel

Norman G. Axe for Plaintiff and Appellant.

Murray D. Fischer, Howard Moss and David C. Alaynick for Defendant and Respondent.

## Opinion

**McCLOSKY, J.**—Plaintiff Albert Cohen, doing business as Brentwood Carpet & Drapery, appeals from the judgment on the pleadings entered on July 8, 1982, wherein it was ordered that plaintiff take nothing on his complaint and that defendant Arthur S. Ratinoff recover his costs.

### Contentions on Appeal

Plaintiff contends (1) that a motion by defendant for judgment on the pleadings should be denied where the complaint does not entirely omit an essential allegation to the statement of a cause of action and it does not appear from the face of the complaint or from judicially noticed matter that the action is barred by an affirmative defense, (2) that an absolute prohibition in a lease against assignment by the lessee constitutes an unreasonable restraint on alienation in violation of Civil Code section 711, (3) that the trial court erred in not permitting parol evidence to be introduced to aid in the interpretation of the lease, and (4) that there were no substantial reasons for defendant Ratinoff's objections to plaintiff's assignment of the lease to another carpet business.

### Facts

Plaintiff, as lessee, and defendant, as lessor, entered into a four-year written lease, commencing on September 1, 1977, and ending August 31, 1981, for the rental of the building located at 11159 Santa Monica Boulevard in Los Angeles, California. Plaintiff was to use the premises solely for the selling of carpets, drapery and furnishings.

Paragraph 13 of the lease, in pertinent part provided: "13. ASSIGNMENT, SUBLETTING, ETC.—Lessee shall not assign this lease or any interest therein, and shall not sublet the demised premises or any portion thereof, or any right or privilege appurtenant thereto, or suffer any other person (the employees of Lessee excepted) to occupy or use the demised premises or any portion thereof, without the prior written consent of Lessor, and the consent to one assignment, subletting, occupancy, or use by any other person, shall not be deemed to be a consent to any subsequent assignment, subletting, occupancy or use by any other person. Any such assignment, subletting, occupancy or use without Lessor's prior written consent shall be void and, at Lessor's option, shall terminate this lease. Neither this lease nor any interest therein shall be assignable by operation of law, as to Lessee's interest, without Lessor's prior written consent, which consent shall not be unreasonably withheld. If Lessee shall have obtained Lessor's prior written consent to either assignment, or subleasing, then any rental paid by such assignee, or sublessee, in excess of the rental provided by this lease, shall be for the benefit of and shall be immediately paid to Lessor. In any event, Lessor's consent to any assignment, or subletting, shall not relieve Lessor from any obligation under this lease."

On July 30, 1980, plaintiff entered into a sales agreement with Floormart Inc. of Glendale, California (Floormart), a carpet company. Floormart agreed to purchase plaintiff's assets for $35,000 on the condition that plaintiff, as seller, fully execute a written assignment of the lease and obtain written acceptance of the assignment from defendant.

Plaintiff requested defendant to consent to the assignment of the lease to Floormart on several occasions. On September 12, 1980, defendant's attorney, Murray D. Tischer, informed plaintiff that "'Your lease does not provide for assignment and thus my client [Ratinoff] may be as arbitrary as he chooses.'" As a result of defendant's refusal to consent to the assignment, Floormart terminated its purchase agreement with plaintiff.

On October 23, 1981, plaintiff filed his first amended complaint for damages. This pleading contained five causes of action for breach of contract, negligence, constructive eviction, bad faith breach of contract and declaratory judgment, respectively.

By May 13, 1981, the date set for trial, the second and third causes of action had been settled and dismissed; the fifth cause of action had been rendered moot. All that remained for trial were the first and fourth causes of action.

In his first cause of action for breach of contract, plaintiff alleged that defendant unreasonably withheld his consent to plaintiff's assignment of the

lease to Floormart.[1] He also alleged that as a result of Floormart's termination of the sales agreement, he "sustained damages in the sum of $170.00 for the escrow charges and other costs, and loss of profit of $35,000.00."

In his fourth cause of action for bad faith breach of contract, plaintiff alleged that defendant acted in bad faith by purposely preventing him from receiving the benefits to which he was entitled under the lease. Plaintiff further alleged that the conduct of defendant was "malicious and done with the express intent and purpose of vexing, annoying, injuring and oppressing plaintiff." He then prayed for punitive damages in the amount of $100,000.

Just prior to the commencement of trial, defendant filed a motion for judgment on the pleadings or in the alternative for exclusion of evidence wherein he maintained, among other things, that plaintiff's first and fourth causes of action were fatally defective. This motion was granted as to the first and fourth causes of action. Judgment that plaintiff take nothing on his complaint and that defendant recover his costs was subsequently entered on July 8, 1982. This appeal followed.

## DISCUSSION

■ In *Baillargeon* v. *Department of Water & Power* (1977) 69 Cal.App.3d 670, 675-676 [138 Cal.Rptr. 338], we noted that the standard of review of a judgment on the pleadings is the same standard that is used to review the propriety of a judgment following the sustaining of a demurrer. "'Like the demurrer, the motion for judgment on the pleadings is confined to the *face of the pleading under attack.* [Citations.] This means two things: [¶] *First,* if the pleading, though uncertain or otherwise defective in form, sufficiently states a cause of action or defense, the motion cannot be granted on the basis of a showing of extrinsic matters by inference from attached exhibits, by affidavits, or otherwise. [Citations.] [¶] *Second,* a sufficient complaint cannot be thus attacked by reference to matters set forth in the answer. [Citations.] [¶] But the unqualified statement of the foregoing rule may be misleading . . . [as] various outside matters may be looked to under the doctrine of judicial notice. . . .' (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 162, pp. 2817-2818.) (Italics in original.)"

■ A motion for judgment on the pleadings admits all material and issuable facts contained in the challenged pleading. Therefore, the facts prop-

---

[1]Plaintiff's first cause of action also contained allegations that defendant breached his covenant to repair and maintain the rented premises. By the time of trial, counsel had agreed that the issue of property damages was no longer of concern.

erly pleaded are accepted as true (*Baillargeon* v. *Department of Water & Power, supra,* 69 Cal.App.3d at p. 676) and must be liberally construed in favor of the party against whom the motion is made (*Pacific Architects Collaborative* v. *State of California* (1979) 100 Cal.App.3d 110, 118 [166 Cal.Rptr. 184]).

The ultimate question on appeal " '. . . is whether, disregarding imperfections of form which could be cured by amendment, the facts pleaded and judicially noticed entitle [plaintiff] to any relief, . . . [Citations.]' " (*Pacific Architects Collaborative* v. *State of California, supra,* 100 Cal.App.3d at p. 118, quoting *Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626, 632 [99 Cal.Rptr. 393].)

In the first cause of action of his first amended complaint, plaintiff alleged that paragraph 13 of the lease provided in part "that consent to assign or sublet 'shall not be unreasonably withheld.' " Plaintiff further alleged that defendant, through his attorney stated that he could be "as arbitrary as he chooses" when deciding whether to consent to an assignment since the lease did not provide for assignment.

In his fourth cause of action, plaintiff alleged that at the time the lease was entered into the parties "agreed to do nothing which would injure the right of plaintiff to receive the benefits of the lease, and defendants and each of them, further agreed at said time, to do everything that the lease presupposed that the defendants would do to accomplish its purpose. [¶] Defendants, and each of them, acted in bad faith and for the purpose of preventing plaintiff from receiving the benefits that plaintiff was entitled to under the said lease, . . ."

Plaintiff contends that "[i]n ruling on defendant's motion for judgment on the pleadings, the trial court should have accepted the above matters as true. Thus, defendant's motion was improperly granted as plaintiff had stated a valid cause of action against defendant-lessor based on the latter's refusal to consent to the assignment."

■ Ordinarily a motion for judgment on the pleadings is confined to the face of the challenged pleading and cannot be granted on the basis of extrinsic matters inferred from attached exhibits. When, however, "a written instrument . . . is attached to a pleading as an exhibit and incorporated into it by proper reference, the court may, upon demurrer [or motion for judgment on the pleadings], examine the exhibit and treat the pleader's allegations of its legal effect as surplusage." (*Washer* v. *Bank of America* (1943) 21 Cal.2d 822, 829-830 [136 Cal.Rptr. 297, 155 A.L.R. 1338], disap-

proved on other grounds in *MacLeod* v. *Tribune Publishing Co.* (1959) 52 Cal.2d 536, 551 [343 P.2d 36].)

Plaintiff incorporated the lease into his first amended complaint by reference. With regard to assignments by "operation of law" paragraph 13 provides: "Neither this lease nor any interest therein shall be assignable *by operation of law,* as to Lessee's interest, without Lessor's prior written consent, which *consent shall not be unreasonably withheld."* (Italics added.) This part of paragraph 13 is not applicable to the controversy at hand since plaintiff's attempted assignment was not one by "operation of law." Plaintiff makes no contention to the contrary.

That portion of paragraph 13 which deals with "a voluntary" assignment, such as is here involved, in relevant part provides: "Lessee shall not assign this lease or any interest therein, and shall not sublet the demised premises or any portion thereof, or any right or privilege appurtenant thereto, or suffer any other (the employees of Lessee excepted) to occupy or use the demised premises or any portion thereof, without the prior written consent of Lessor; . . ." Paragraph 13 does not specifically provide that consent to a "voluntary" assignment cannot be unreasonably withheld. Hence, it is clear that that portion of paragraph 13 quoted by plaintiff in his first amended complaint was taken out of context.

Nevertheless, we conclude for reasons discussed below that plaintiff sufficiently pleaded causes of action for breach of contract and bad faith breach of contract and that, therefore, the trial court improperly granted defendant's motion for judgment on the pleadings.

Plaintiff maintains that "an absolute prohibition in a lease against assignment by the lessee constitutes an unreasonable restraint on alienation in violation of Civil Code section 711."[2]

At the outset, we note that in the instant case, paragraph 13 of the lease does not contain an absolute prohibition against assignments. It provides, among other things, that the lessee may not assign the lease without the prior written consent of the lessor. Hence, we do not decide whether a

---

[2]Plaintiff contends that the reasoning of *Wellankamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970], should be applied to lease agreements. In *Wellankamp* our Supreme Court held "that a due-on clause contained in a promissory note or deed of trust cannot be enforced upon the occurrence of an outright sale unless the lender can demonstrate that enforcement is reasonably necessary to protect against impairment to its security or the risk of default." (*Id.,* at p. 953; fns. omitted.)

Since *Wellankamp* did not involve a leasehold interest, it is distinguishable from the instant case.

provision prohibiting without qualification the assignment of a commercial lease is an unreasonable restraint on alienation.

Civil Code section 711 provides that "[c]onditions restraining alienation, when repugnant to the interest created, are void." ■ It is well settled that only unreasonable restraints on alienation are invalid. (*Laguna Royale Owners Assn.* v. *Darger* (1981) 119 Cal.App.3d 670, 680 [174 Cal.Rptr. 136].)

■ Because the lessor has an interest in the character of the proposed commercial assignee, we cannot say that an assignment provision requiring the lessor's consent to an assignment is inherently repugnant to the leasehold interest created. We do conclude, however, that if such an assignment provision is implemented in such a manner that its underlying purpose is perverted by the arbitrary or unreasonable withholding of consent, an unreasonable restraint on alienation is established.

In *Richard* v. *Degen & Brody, Inc.* (1960) 181 Cal.App.2d 289, 299 [5 Cal.Rptr. 263], Division Two of this district of the court of appeal held that where the terms of a lease prohibit the assignment thereof without the lessor's consent, the lessor can arbitrarily refuse to consent to an assignment unless there is a qualifying provision that consent by the landlord may not be unreasonably withheld.

Since *Richard* v. *Degen & Brody, Inc.* was decided, however, there has been an increased recognition of and emphasis on the duty of good faith and fair dealing inherent in every contract. ■ A lease constitutes both a conveyance of a leasehold interest and a contract. (*Medico-Dental etc. Co.* v. *Horton & Converse* (1942) 21 Cal.2d 411, 418 [132 P.2d 457].)

■ In *McWilliams* v. *Holton* (1967) 248 Cal.App.2d 447, 451 [56 Cal.Rptr. 574], we noted that " '[i]n every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing' (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 771 [128 P.2d 665].) 'This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose. [Citations.]' (*Harm* v. *Frasher,* 181 Cal.App.2d 405, 417 [5 Cal.Rptr. 367].)" (See also *Bleecher* v. *Conte* (1981) 29 Cal.3d 345, 350 [173 Cal.Rptr. 278, 626 P.2d 1051].)

■■■ While plaintiff does not have an absolute right to assign his lease under the terms of the lease agreement, he does have the right to assign if he obtains prior written consent to do so from the lessor.

The duty of good faith and fair dealing, which is implicit in the lease entered into between plaintiff and defendant, therefore, militates against the arbitrary or unreasonable withholding of consent to an assignment. A breach by the lessor of his duty constitutes a breach of the lease agreement.

Accordingly, we hold that where, as here, the lease provides for assignment or subletting only with the prior consent of the lessor, a lessor may refuse consent only where he has a good faith reasonable objection to the assignment or sublease, even in the absence of a provision prohibiting the unreasonable or arbitrary withholding of consent to an assignment of a commercial lease. Examples of bases for such good faith reasonable objection would be inability to fulfill terms of the lease, financial irresponsibility or instability, suitability of premises for intended use, or intended unlawful or undesirable use of premises. No such bases were raised by the lessor.

We note that under the terms of the lease agreement, the lessor's consent to an assignment does not relieve lessee of any obligation under the lease. Whether the landlord's security or other rights would otherwise be impaired is a question of fact.

The question of whether a lessor unreasonably withheld his consent to an assignment and therefore breached his implied duty of good faith and fair dealing, is one of fact.

In the case at bench, the trial court did not decide whether defendant arbitrarily or unreasonably withheld his consent to plaintiff's proposed assignment because it concluded that defendant had an unqualified right to refuse to consent to plaintiff's attempted assignment to Floormart.

By his motion for judgment on the pleadings, defendant admitted that his attorney, as his representative, informed plaintiff that " 'Your lease does not provide for assignment and thus my client [Ratinoff] may be as arbitrary as he chooses.' " Defendant gave no other reason for refusing to consent to plaintiff's attempted assignment.

Hence, we conclude, as a matter of law, that plaintiff sufficiently pleaded causes of action for breach of contract and bad faith breach of contract based upon defendant's unreasonable refusal to consent to plaintiff's attempted assignment of his lease to Floormart. The trial court, therefore, incorrectly

granted defendant's motion for judgment on the pleadings as to plaintiff's first and fourth causes of action in his first amended complaint.

We reject as meritless, plaintiff's contention that the trial court erred in refusing to permit parol evidence to be introduced to aid in its interpretation.

The judgment is reversed and the matter is remanded to the superior court for further proceedings in accordance with the views expressed in this opinion.

Woods, P. J., and Kingsley, J., concurred.