[Civ. No. 53401. First Dist., Div. Three. Jan. 12, 1984.]

BOB SCHWEISO et al., Plaintiffs and Appellants, v.
RONALD WILLIAMS et al., Defendants and Respondents.

884

## COUNSEL

Daniel M. Feeley, Michael A. Lilly and William J. Oppenheimer for Plaintiffs and Appellants.

Keough, Cali & Hanley and William J. Keough for Defendants and Respondents.

## OPINION

**FEINBERG, J.**—On this appeal[1] from dismissals in these consolidated actions following summary judgments in favor of the same defendants (Williams, Palo Alto Town & Country Village et al.) the only issue is whether a lessor may arbitrarily refuse consent when a commercial lease provides

---

[1] We reject respondent's contention that the stipulated judgments in the Stevenson and VanDervort actions were not appealable. As the only purpose of these stipulations was to facilitate this appeal, these judgments are appealable under an exception to the general rule. (*Mecham v. McKay* (1869) 37 Cal. 154, 158-159; *Kenworthy v. Hadden* (1978) 87 Cal.App.3d 696, 700 [151 Cal.Rptr. 169].)

that a lessee shall not assign or sublease the premises without the written consent of the lessor.

The pleadings, affidavits and counteraffidavits alleged the following: Appellants Stevenson, Schweiso, and Jazbutis each had leased commercial premises from the respondents. Paragraph 13 of each lease provided that the lessee was precluded from assigning the premises without the written consent of the lessor. Appellants Stevenson and Schweiso, commercial tenants of the respondents, entered into contracts with third parties to sell their businesses. Respondents for no valid commercial reason refused to consent to Stevenson's proposed assignee unless Stevenson paid 10 percent of the purchase price ($15,500) which Stevenson paid under protest.

Respondents also interfered with Schweiso's contract with the prospective purchaser (Grofs), by telling Grofs that they were paying too much for Schweiso's business. After respondents refused their consent in writing, the Grofs cancelled their contract with the Schweisos. Respondents told Bob Schweiso that: 1) paragraph 13 of the lease was the lessor's "license to steal;" 2) the 10 percent transfer fee ($6,000) requested by the lessor was "blood money;" and 3) the lessor had a right to be unreasonable.

In 1977, appellants Jazbutis contracted to sell their business to Gammell. Respondents refused to consent to the assignment unless Jazbutis' brokers, appellants VanDervort and Faye, agreed to pay one-half of the commission ($5,500) to respondents. Gammell cancelled the contract. Before September 1978 Jazbutis and respondents orally agreed to permit Jazbutis to sell the business and assign the lease on certain conditions. Jazbutis agreed to the conditions and in reliance thereon, executed a contract to sell the business to Gomes. After respondents refused to honor the agreed upon conditions, Gomes cancelled the contract. Stevenson, Schweiso, Van Dervort, Faye and Jazbutis filed verified complaints.

 Relying on *Richard* v. *Degen & Brody, Inc.* (1960) 181 Cal.App.2d 289, 299 [5 Cal.Rptr. 263], respondents argue that where the terms of a lease prohibit assignment without the lessor's consent, the lessor can arbitrarily refuse to consent to an assignment unless there is a qualifying prohibition that consent may not be unreasonably withheld.

Recently, the second district in *Cohen* v. *Ratinoff* (1983) 147 Cal.App.3d 321, 322 [195 Cal.Rptr. 84] followed the current trend in other jurisdictions of abrogating the *Richards* rule. (See *Fernandez* v. *Vazquez* (Fla.App. 1981) 397 So.2d 1171; *L&H Inv. Ltd.* v. *Belvey Corp.* (W.D.N.C. 1978) 444 F.Supp. 1321, 1325; *Homa-Goff Interiors, Inc.* v. *Cowden* (Ala. 1977) 350

So.2d 1035; *Arrington* v. *Walter E. Heller International Corp.* (1975) 30 Ill.App.3d 631 [333 N.E.2d 50, 58].)

The court reasoned that since a lease constitutes both a conveyance of a leasehold interest[2] and a contract (*Medico-Dental etc. Co.* v. *Horton & Converse* (1942) 21 Cal.2d 411, 418 [132 P.2d 457]), there was an implied covenant of good faith and fair dealing, which militated against the arbitrary or unreasonable withholding of consent to an assignment.

■ ". . . [W]here, as here, the lease provides for assignment or subletting only with the prior consent of the lessor, a lessor may refuse consent only where he has a good faith reasonable objection to the assignment or sublease, even in the absence of a provision prohibiting the unreasonable or arbitrary withholding of consent to an assignment of a commercial lease. Examples of bases for such good faith reasonable objection would be inability to fulfill terms of the lease, financial irresponsibility or instability, suitability of premises for intended use, or intended unlawful or undesirable use of premises. No such bases were raised by the lessor. [¶] We note that under the terms of the lease agreement, the lessor's consent to an assignment does not relieve lessee of any obligations under the lease. Whether the landlord's security or other rights would otherwise be impaired is a question of fact. [¶] The question of whether a lessor unreasonably withheld his consent to an assignment and therefore breached his implied duty of good faith and fair dealing, is one of fact." (*Cohen* v. *Ratinoff, supra,* 147 Cal.App.3d at p. 330.)

■ While the lease provisions at bench are identical to those involved in *Cohen, supra,* the alleged facts averred are far more egregious and indicative of bad faith, if appellants can prove that respondents sought additional amounts of "blood" money from the appellants as a condition of consent to the assignments. We note that denying consent solely on the basis of personal taste, convenience or sensibility or in order that the landlord may charge a higher rent than originally contracted for have been held arbitrary reasons failing the tests of good faith and reasonableness under commercial leases.[3] (*Chanslor-Western O. & D. Co.* v. *Metropolitan San. D.* (1970) 131 Ill.App.2d 527 [266 N.E.2d 405], citing *Broad & Branford Place Corp.* v. *J. J. Hockenjos Co.* (1944) 132 N.J.L. 229 [39 A.2d 80, 82].)

---

[2]The court noted at page 328 that unreasonable restraints on alienation are invalid, and distinguished *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970], which did not involve a leasehold interest. We agree.

[3]Although we see no significant difference between a residential lease and a commercial lease as to the obligations of good faith and commercial reasonableness, we are presented only with a business lease and, therefore, adopt the narrow holding. We note that several states have statutes prohibiting a landlord from arbitrarily refusing consent as to residential leases. (See *Fernandez* v. *Vazquez, supra,* 397 So.2d 1171, fns. 4, 5; and 6 at p. 1173.)

We are no longer in the days of caveat emptor even as to commercial leases. In recent times the necessity of permitting reasonable alienation of commercial space has become paramount in our increasingly urban society.

As there is a triable issue of fact as to whether respondents unreasonably withheld their consent to the assignments and thereby breached their implied duty of good faith and fair dealing, the summary judgments must be reversed.

White, P. J., concurred.

Scott, J., concurred in the judgment.

On February 10, 1984, the opinion was modified to read as printed above.