Dwayne PRESTIN, Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION, a New York Corporation, Defendant-Appellee.

No. 83–5637.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1983.

Resubmitted Feb. 29, 1984.

Decided Aug. 24, 1984.

As Amended Oct. 2, 1984.

James H. Lehr, Shapiro, Laufer, Posell & Close, Los Angeles, Cal., for plaintiff-appellant.

Robert L. Hess, Los Angeles, Cal., for defendant-appellee.

Before BROWNING and NORRIS, Circuit Judges, SOLOMON,* District Judge:

NORRIS, Circuit Judge:

Appellant, Dwayne Prestin, a gasoline station franchisee, appeals from a summary judgment declaring that appellee, Mobil Oil Corporation, had lawfully terminated his lease of a Mobil gasoline station and ordering Prestin to relinquish possession of his station to Mobil. The question presented on appeal is whether, under California law, Mobil could arbitrarily refuse to consent to the assignment of Prestin's lease when the lease provided that Prestin could not assign the premises without the written consent of Mobil.

## I

Prestin began operating the Mobil Oil station in San Diego in 1968. In 1980, Prestin and Mobil entered into a service station lease and a retail dealer contract effective through September 30, 1983. Both the lease and the contract expressly provide that any assignment without Mobil's written consent shall be void.[1]

On October 16, 1981, Donald Dalbec, Mobil's district manager, notified Prestin that Mobil was terminating the lease and related agreements. Among the reasons cited by Dalbec for termination was Prestin's attempt to assign his interest in the leased premises.

Prestin then brought an action in federal district court to enjoin Mobil from terminating the franchise relationship, claiming that Mobil's action violated the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. section 2801 et seq. The district court entered summary judgment for Mobil on the ground that Prestin's attempt to assign the lease without obtaining Mobil's consent violated the non-assignment clause of the lease and provided justification for the termination of the lease and the franchise pursuant to section 2802(b)(2)(A) of the PMPA. Section 2802(b)(2)(A) provides, inter alia, that a ground for termination of such a franchise relationship is "[a] failure by the franchisee to comply with any provision of the franchise, which provision is both reasonable and of material significance to the franchise relationship...."

## II

In reviewing a grant of summary judgment, our task is identical to that of a trial court. United States v. One 1977 Mercedes Benz, 708 F.2d 444, 447 (9th Cir. 1983), cert. denied sub nom. Webb v. United States, —— U.S. ——, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). We must affirm the district court's grant of summary judgment in favor of Mobil if it appears, after viewing the evidence in the light most favorable

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Paragraph 11(a)(r) of the lease provides: "Landlord may terminate this lease and may non-renew the relationship between the parties upon notice as provided herein, in any of the following events: ... any attempt by Tenant to assign or sublet all or part of its interest in this lease or the premises, or any part thereof."

Paragraph 15 of the same document provides, among other things: "Any assignment, mortgage or pledge of this lease or any interest therein or any subletting of the premises in whole or part, by Tenant without Landlord's written consent shall be void." Paragraph 18 of the Retail Dealer Contract provides, in pertinent part: "Any assignment of this contract by Buyer without Seller's written consent shall be void."

to Prestin, that there are no genuine issues of material fact and that Mobil is entitled to judgment as a matter of law. *Gaines v. Haughton,* 645 F.2d 761, 769 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).

■ Applying this standard, we conclude, for reasons discussed below, that there is a triable issue of fact as to whether Mobil unreasonably withheld its consent to the assignment and thereby breached its implied duty of good faith and fair dealing. Accordingly, the district court improperly granted Mobil's motion for summary judgment.

### III

■ This appeal turns on the question whether Mobil may arbitrarily withhold its consent to Prestin's assignment of the lease and the retail dealer contract, as Mobil contends, or whether Mobil's consent could properly be withheld only if Mobil could demonstrate the existence of a good faith, reasonable objection to the assignment.[2]

The parties agree that the PMPA provides that state law governs the assignability of franchises. 15 U.S.C. § 2806(b). The Senate Report on the PMPA states that "[t]he legislation is not intended to authorize or to prohibit franchise assignments; instead, as a general rule, assignability of franchises is a matter left to state law." S.Rep. No. 95–731, 95th Cong., 2d Sess. 38, *reprinted in* [1978] U.S.Code Cong. & Ad.News 873, 901. We thus turn to state law in order to decide the question presented.

Mobil cites *Richard v. Degen & Brody, Inc.,* 181 Cal.App.2d 289, 5 Cal.Rptr. 263

(1960) as authority for its position that if the terms of a lease prohibit assignment without the lessor's consent, the lessor can arbitrarily withhold that consent unless the lease provides that the lessor's consent may not be withheld unreasonably. We agree that *Richard* supports Mobil's position.

Prestin, on the other hand, relies upon *Cohen v. Ratinoff,* 147 Cal.App.3d 321, 195 Cal.Rptr. 84 (1983), to support his position. In *Cohen,* the court held: "where, as here, the lease provides for assignment or subletting only with the prior consent of the lessor, a lessor may refuse consent only where he has a good faith reasonable objection to the assignment or sublease, even in the absence of a provision prohibiting the unreasonable or arbitrary withholding of consent to an assignment of a commercial lease." *Id.* at 330, 195 Cal.Rptr. 84.

We also agree that *Cohen* supports Prestin's position. Accordingly, the question confronting us is whether we should follow *Richard* or *Cohen.*[3] As a federal court of appeals deciding a question of state law, we place ourselves in the position of the California Supreme Court.

The California Court of Appeal, First District, in *Schweiso v. Williams,* 150 Cal. App.3d 883, 198 Cal.Rptr. 238, 240 (1984) applied *Cohen* and stated:

Relying on *Richard v. Degen & Brody, Inc.,* (1960) 181 Cal.App.2d 289, 299, 5 Cal.Rptr. 263, respondents argue that where the terms of a lease prohibit assignment without the lessor's consent, the lessor can arbitrarily refuse to consent to an assignment unless there is a qualifying prohibition that consent may not be unreasonably withheld.

---

**2.** At the outset, we note that the district court judge, applying the law of California, concluded that the Management Agreement established an agreement by Prestin to assign his interest in the premises to Housand. Questions of state law are reviewable under the same independent de novo standard as are questions of federal

law. *Churchill v. F/V Fjord,* 739 F.2d 1395 at 1397 (9th Cir.1984) (en banc).

**3.** We reject Mobil's contention that we should consider as authority an unpublished disposition by a district judge. Citation to an unpublished disposition as precedent is generally prohibited by Ninth Circuit Rule 21(c).

Recently, the second district in *Cohen v. Ratinoff* (1983) 147 Cal.App.3d 321, 322, 195 Cal.Rptr. 84 followed the current trend in other jurisdictions of abrogating the *Richards* [sic] rule. (See *Fernandez v. Vasquez* (Fla.App.1981) 397 So.2d 1171; *L&H Inv. Ltd. v. Belvey Corp.* (WDNC 1978) 444 F.Supp. 1321, 1325; *Homa-Goff Int. v. Cowden* (S.Ct. Ala.1977) 350 So.2d 1035; *Arrington v. Walter E. Heller Int.* (1975) 30 Ill.App.3d 631, 333 N.E.2d 50, 58).

The court reasoned that since a lease constitutes both a conveyance of a leasehold interest and a contract (*Medico-Dental etc. Co. v. Horton & Converse* (1942) 21 Cal.2d 411, 418, 132 P.2d 457), there was an implied covenant of good faith and fair dealing, which militated against the arbitrary or unreasonable withholding of consent to an assignment.

"... [W]here, as here, the lease provides for assignment or subletting only with the prior consent of the lessor, a lessor may refuse consent only where he has a good faith reasonable objection to the assignment or sublease, even in the absence of a provision prohibiting the unreasonable or arbitrary withholding of consent to an assignment of a commercial lease. Examples of bases for such good faith reasonable objection would be inability to fulfill terms of the lease, financial irresponsibility or instability, suitability of premises for intended use, or intended unlawful or undesirable use of premises. [¶] We note that under the terms of the lease agreement, the lessor's consent to an assignment does not relieve lessee of any obligations under the lease. Whether the landlord's security or other rights would otherwise be impaired is a question of fact. [¶] The question of whether a lessor unreasonably withheld his consent to an assignment and therefore breached his implied duty of good faith and fair dealing, is one of fact." (*Cohen v. Ratinoff, supra,* 147 Cal.App.3d at 330, 195 Cal.Rptr. 84.)

Only one California decision even mentioned the *Richard* holding prior to *Cohen.* In *Laguna Royale Owners Ass'n v. Darger,* 119 Cal.App.3d 670, 680–681, 174 Cal. Rptr. 136 (1981), the court characterized an argument based on *Richard* as an "extreme contention ... borrowed from the law of landlord and tenant developed during the feudal period in English history...." *Id.* The *Laguna Royale* court questioned whether *Richard* enjoyed "continued vitality," and then distinguished it on its facts. *Id.* at 681, 174 Cal.Rptr. 136.

■ *Richard* has no support in later California cases, having been rejected by the one court which has bothered to mention it. We therefore find that the California Supreme Court would adopt the rule recently enunciated in *Cohen v. Ratinoff,* 147 Cal. App.3d at 330, 195 Cal.Rptr. 84, that a lessor such as Mobil may refuse consent to an assignment or sublease only when the lessor has a good faith reasonable objection to it. *See Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Estrella v. Brandt,* 682 F.2d 814, 818 (9th Cir.1982).

Mobil argues, however, that *Cohen* is inapposite to this case because it has been displaced by statute. Noting that there were two agreements between Mobil and Prestin, the Retail Dealer Contract and the lease, Mobil urges that the Retail Dealer Contract, providing for the sale of petroleum products, is governed by Division 2 of the California Commercial Code. Comm.Code § 2102. Section 2210 of the California Code permits parties to agree that their contracts cannot be assigned. The Retail Dealer contract between Mobil and Prestin contains a provision against assignments without Mobil's consent. Mobil contends that the common law rule of *Cohen* cannot qualify or abrogate this contractual prohibition on assignment and that if the Retail Dealer Contract cannot be assigned, it would be anomalous to apply *Cohen* retroactively to the lease alone.

Of course, underlying this argument that *Cohen* has been displaced by statute is Mobil's assumption that the Retail Dealer

Contract and the lease should be treated separately, as two distinct agreements rather than a single franchise agreement. Both federal and state law indicate that Mobil's assumption is erroneous.

Under section 2801(1)(B) of the PMPA, the term "franchise" combines both the lease of real property and the motor fuel supply agreement. The Senate Report states:

> the substantive provisions of the title, relating to the termination of a franchise ·or non-renewal of the franchise relationship, may not be circumvented by a termination or non-renewal of the real estate lease or motor fuel supply agreement which thereby renders the [motor fuel] trademark license valueless. S.Rep. No. 95–731, Code Cong. & Ad. News 873, 888.

State law is to the same effect.[4] The California courts have determined that it is "unrealistic to separate the two documents [the lease and the retail dealer contract]; because, although we deal with two legally distinct relationships (landlord/tenant and franchisor/franchisee), obviously the landlord/tenant relationship existed only to facilitate the franchise agreement." *Mobil Oil Corp. v. Handley*, 76 Cal.App.3d 956, 963, 143 Cal.Rptr. 321 (1978). *See also Union Oil Co v. Moesch*, 88 Cal.App.3d 72, 76, 151 Cal.Rptr. 517 (1979).

■ In the instant case, the lease and the Retail Dealer Contract are "obviously coordinated documents; for example, their termination and renewal provisions parallel one another and provide for an identical specified term," *Mobil Oil Corp. v. Handley*, 76 Cal.App.3d at 959–960, 143 Cal.Rptr. 321, of three years beginning October 1, 1980, and ending September 30, 1983. Moreover, the lease existed simply to promote the franchise agreement; indeed, paragraph 14(B) of the Retail Dealer Contract provides: "Seller may terminate this contract and (may non-renew) the relationship between the parties, upon notice as provided herein, in any of the following events: ... (b) the termination of any Service Station lease between the parties hereto." We find therefore that the Retail Dealer Contract and the lease must be construed together as one contract—the franchise agreement. Mobil cannot treat the Retail Dealer Contract and the lease as two totally separate documents in order to escape the effect of *Cohen*.[5]

■ Mobil also argues that the doctrine articulated in *Cohen* is inapplicable because here, unlike *Cohen*, an assignment was made long *before* consent was sought. This argument is wholly without merit. The record indicates that Prestin had often expressed his desire to sell his interest in the station to a third party. He was repeatedly informed by Mobil's representatives that he must give Mobil an unconditional notice of termination before Mobil would consider a replacement dealer. Indeed, Mobil's established policy in California, prior to January 1, 1981, required the

---

4. California Civil Code § 1642 provides that "[s]everal contracts relating to the same matters between the same parties, and made as substantially one transaction, are to be construed together." *See Associated Oil Co. v. Myers*, 217 Cal. 297, 301, 18 P.2d 668 (1933) (service station lease and license to use leased premises to sell petroleum products "should be read together.") Moreover, "[i]t is a general rule that several papers relating to the same subject-matter, and executed as parts of substantially one transaction, are to be construed together as one contract...." *Freedland v. Greco*, 45 Cal.2d 462, 289 P.2d 463 (1955) (citing *Symonds v. Sherman*, 219 Cal. 249, 253, 26 P.2d 293 (1933).

5. California Business and Professions Code § 21148 specifies the conditions under which petroleum franchisors may withhold their consent to the sale, transfer or assignment of a franchise. This statute, which became effective January 1, 1981, has no application to the instant case. Section 4 of the chaptered law provides, in pertinent part: "This act shall not apply to a franchise entered into before the effective date of this act." 1980 Cal.Stat., c. 698, § 4.

outgoing dealer to submit an unconditional termination notice before Mobil would even interview a dealer candidate for a particular location. Furthermore, Mobil's franchise agreement with Prestin does not require "prior" consent, nor is *Cohen* limited to situations where consent was sought prior to assignment. In *Schweiso v. Williams,* 150 Cal.App.3d 883, 198 Cal.Rptr. 238 (1984), tenants had agreed to sell their businesses to third parties before asking lessors for permission to do so. For no valid commercial reason, the lessors refused to consent to these sales. Applying *Cohen,* the court in *Schweiso* stated that "since a lease constitutes both a conveyance of a leasehold interest and a contract ... there was an implied covenant of good faith and fair dealing which militated against the arbitrary or unreasonable withholding of consent to an assignment." *Id.* 198 Cal.Rptr. at 240 (citation omitted). Thus, even if it were true that Prestin made an assignment before seeking approval, Mobil cannot arbitrarily withhold its consent to the assignment.[6]

The judgment of the district court is REVERSED and this case is REMANDED to the district court for further proceedings consistent with this opinion.

---

6. In a Supplemental Brief, Mobil argues that Prestin is collaterally estopped from raising the issue of Mobil's refusal to consent to the assignment. Supplemental Brief of Appellee at 10. Mobil cites the dismissal of a state court action by Prestin raising the same issue. That dismissal, however, was pursuant to a stipulation between Prestin and Mobil during the pendency of this appeal. Mobil expressly agreed that the dismissal of the state court action would "not foreclose adjudication of any issues now before the Ninth Circuit in the event that court order a remand." *See* letter from Mobil counsel, Robert L. Hess, to Prestin counsel, James H. Lehr (May 2, 1983) in Supplemental Reply Brief, Appendix B. Accordingly, we decline to apply the doctrine of collateral estoppel to this case because to do so would "countenance an injustice." *Timmesen v. Forest E. Olson, Inc.,* 6 Cal.App.3d 860, 870, 86 Cal.Rptr. 359 (1970).