927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
G. J. CREEL AND SONS, INC., Plaintiff-Appellee,
v.
Edward Danay ADAMS, Helen T. Adams, Defendants-Appellants.
 No. 89-2989
 United States Court of Appeals,
 Fourth Circuit.
Argued July 17, 1990.
Decided Feb. 28, 1991.
As Amended June 11, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Clyde H. Hamilton, District Judge. (CA-89-626-4-15)
 ARGUED: Stephen Jahue Moore, KIRKLAND, TAYLOR, WILSON, MOORE, ALLEN & DENEEN, P.A., West Columbia, South Carolina, for Appellants.
 Clarke Wardlaw DuBose, SINKLER & BOYD, P.A., Columbia, South Carolina, for Appellee.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff seeks a declaratory judgment establishing the existence and status of the "franchise agreement" between the plaintiff and the defendants under the Petroleum Marketing Practices Act ("PMPA"). The subject of this action is a "franchise agreement" with contract of sale executed in October 1970 between the Gulf Oil Company ("Gulf") as "Seller" and the defendant Helen T. Adams for the purchase and resale of oil products at a Gulfbrand service station leased from the plaintiff located at Myrtle Beach, South Carolina. In September 1980, Gulf Oil assigned to the plaintiff all of its rights and obligations under the contract of sale and the "franchise agreement" unto Helen T. Adams. This contract of sale and franchise agreement between Helen T. Adams and Gulf Oil contained a provision against assignability "except with the written consent of Seller."
 
 
 2
 It is alleged that the defendant Helen T. Adams was reputed to have thereafter assigned her interests under the contract of sale and the franchise agreement to her son and co-defendant, Edward Danay Adams, without the knowledge or consent of the plaintiff. The plaintiff's position, as stated in its complaint, is that such assignment violated the non-assignability of the franchise agreement between the plaintiff and the defendant Helen T. Adams. Jurisdiction was predicated on 28 U.S.C. Sec. 1331 as a suit arising under the Petroleum Marketing Practices Act (PMPA).
 
 
 3
 The defendants denied generally the allegations of the complaint, and alleged that the defendant Edward Danay Adams had acquired the status of a franchisee of the plaintiff by the course of dealings between such defendant or, as a matter of law, by reason of the assignment of Helen T. Adams. The defendants also set forth a counterclaim for breach of contract and price discrimination on the part of the plaintiff in violation of the South Carolina Unfair Trade Practices Act, Sections 39-5-10 to 39-5-560, South Carolina Code. The plaintiff, by reply, denied the allegations in the defendants' counterclaim.
 
 
 4
 After joinder of issues, depositions of the parties and of other witnesses were taken. On the basis of such depositions, supplemented by several affidavits, the plaintiff moved for summary judgment. After a full hearing on the motion, the district court filed its opinion. In its findings of facts as set forth in its opinion, the district court found that the undisputed record[1] established: (1) that the original franchise agreement and sale contract between Gulf and the defendant Helen T. Adams as executed in 1970 included a prohibition against assignment without the written consent of the Seller (Gulf); (2) that Gulf assigned in 1980 its rights, interests and obligations under the original agreement between Gulf and the defendant Helen T. Adams to the plaintiff; (3) that Helen T. Adams and the plaintiff promptly agreed to continue their relationship with the assignee Creel on the same terms and conditions as had been provided under the original franchise agreement and contract of sale between Gulf and the defendant Helen T. Adams, thereby adopting as a part of this agreement the non-assignability provision in the original contract between Helen T. Adams and Gulf; (4) that thereafter the defendant Helen T. Adams assigned her title and interest in the franchise agreement and contract of sale to her son, the defendant Edward Danay Adams; and (5) that the plaintiff had no knowledge of and did not consent in writing to the transfer.
 
 
 5
 On the basis of those findings of fact, the district court concluded as a matter of law that: (1) under the terms of the PMPA, "[a] failure by the franchisee to comply with any provision of the franchise, which is both reasonable and of material significance to the franchise relationship," is a proper ground for terminating the franchise agreement, 15 U.S.C. Secs. 2802(b)(2)(A) and (C); (2) that the assignability of franchises under the PMPA is a matter left to state law (in this case, the law of South Carolina), Prestin v. Mobil Oil Co., 741 F.2d 268 (9th Cir. 1984) (citing 15 U.S.C. Sec. 2806(b)); (3) that under South Carolina law, an assignment of a franchise in violation of a non-assignability clause in the franchise agreement is void; (4) that considering both the South Carolina law on assignability of franchises and the federal PMPA's language thereof, the prohibition on assignment in this case was not void since because the provision was both reasonable and of material significance; (5) that, a prohibition on assignment without the consent of the seller is a proper ground for termination of the franchise agreement here; and (6) the resolution of defendant's claim under the South Carolina Fair Trade Act may be better made by the state court rather than in a federal action. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); National Research Bureau, Inc. v. Bartholomew, 482 F.2d 386 (3d Cir. 1973); Waste Systems, Inc. v. Clean Land Air Water Corp., 683 F.2d 927 (5th Cir. 1982).
 
 
 6
 The district court accordingly granted the plaintiff's motion for summary judgment on its declaratory judgment action but dismissed the counterclaim of the defendants under the State Fair Trade Act without prejudice. We affirm the decision on the district court's opinion, the factual findings of which are soundly supported by the record and whose conclusions of law represent a correct exposition of the controlling federal statute and, to such extent as pertinent, the state law as applicable to the established facts in this case relating to the federal claim herein.
 
 AFFIRMED
 
 
 [1]
 All of the facts were fully sustained not only by the plaintiff's evidence but by the deposition testimony of the defendant Helen T. Adams (the other defendant, Edward Danay Adams, did not, in the record set forth in the Appendix, dispute his mother's deposition testimony). Mrs. Adams' deposition was taken on April 13, 1989. In an affidavit submitted on September 12, 1989 (considerably after her deposition), Mrs. Adams sought to "clarify" in her words-to contradict, in the district court's correct characterization, the affidavit-a few of the significant admissions made by her in her earlier deposition. The district court commented on these contradictions, saying:
 As was the affiant in Barwick v. Celotex Corp., 736 F. 2d 946 (4th Cir. 1984) ], Helen Adams was extensively questioned during her deposition. She was certainly aware of the importance of her testimony regarding the terms of her relationship with Creel. And the questions she was asked were not tricky or misleading in any way. The direct answers she gave to those questions cannot be changed at this late hour by submitting an affidavit that directly contradicts her earlier testimony. To consider her affidavit as creating genuine issues of fact would "greatly diminish the utility of summary judgment as aprocedure for screening out sham issues of fact." Perma Research and Development Co. v. The Singer Co., 410 F.2d 572, 578 (2d Cir. 1969).
 The district court, therefore, "excluded ... in its consideration of Creel's motion for summary judgment" Helen Adams' affidavit of September 12, citing in support Barwick, supra.