## Jacob Edelman and Abraham Edelman, Appellants, v. F. W. Woolworth Company, Appellee.

### Gen. No. 33,124.

Opinion filed March 11, 1929.

Hyman Soboroff, for appellants.

EDNYFED H. WILLIAMS and LEESMAN, ROEMER & SCHNELL, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs, as landlord, brought an action of forcible detainer against defendant, the tenant, to obtain possession of property known as 1247 and 1249 South Halsted street, Chicago. There was a trial before the court without a jury and a finding and judgment in defendant's favor, and plaintiffs appeal.

The record discloses that the written lease under which defendant was occupying the premises in question contained the following provisions: "Lessee agrees not to sublet these premises, nor assign this lease without written consent of the lessor, but such consent shall not be unreasonably withheld." On May 24, 1928, plaintiffs served a written notice on the defendant notifying the latter that on account of its "default in subleasing or assigning without our written consent to Samuel Bilsky . . . we, the undersigned owners of said premises, have elected to determine your lease and you are hereby notified to quit and deliver up possession of the same to us within ten days from the date of the service of this notice upon you."

It further appears from the evidence that before this notice was served defendant had advised plaintiffs that it had completed a new store in the neighborhood into which it expected to move and would vacate the premises in question and requested that plaintiffs give their consent to the subletting of the premises to Samuel Bilsky. Witnesses testified on behalf of defendant that when this request was made plaintiffs stated that their consent would be given. On the other hand, witnesses for plaintiffs denied that any such consent was given.

The evidence further shows that plaintiffs, shortly after they were advised that defendant wished to va-

cate the premises and sublet or assign the lease, offered defendant $2,000 if defendant would give up its lease. After considerable negotiations between the parties, plaintiffs refused to give their consent and shortly afterwards Bilsky moved into the premises and began conducting his retail store on the main floor.

It further appears that Bilsky was in the same line of business as plaintiffs, whose retail store was about a block away from the premises in question.

It further appears that while negotiations were being carried on between the parties, with a view to obtaining plaintiffs' consent to the subletting of the premises to Bilsky, correspondence passed between them and finally plaintiffs' counsel wrote a letter to defendant in which it was stated: "Upon receipt of your letter the said Jacob Edelman and Abraham Edelman have made a personal investigation, and from such investigation find that they cannot consent to the subletting or assignment of the lease to the said Samuel Bilsky, and that any such act on your part will be considered by said owners a breach of your lease, and action will be taken accordingly."

It further appears from the evidence that Bilsky was well known to plaintiffs for a number of years, that he was a responsible merchant in the neighborhood and carried large balances in the local banks in connection with his retail business, all of which was apparently well known to plaintiffs.

Upon a consideration of all the evidence the court held that plaintiffs had unreasonably withheld their consent to the subletting of the premises, and judgment was entered against plaintiffs. In his brief counsel for plaintiffs, among other things, contends that the evidence shows the premises had been occupied as a 5 and 10 cent store by defendant and that this fact made the premises worth about $40,000 more than it would be if occupied by the sublessee for a cloak store; that

the sublessee Bilsky was engaged in the same line of business as plaintiffs whose place of business was within a block or two of the premises in question, and he would be a competitor of plaintiffs, and that in these circumstances plaintiffs had a right to refuse to give their consent to the subletting and that such refusal was not arbitrary.

If there was no provision in the lease against subletting, defendant would have a right to sublet or assign the lease and it was to prevent this that plaintiffs had the covenant inserted in the lease—to cut down defendant's right to sublet it as it pleased. *Houlder Bros., Ltd. v. Gibbs,* L. R. [1925] 1 Ch. 575.

The provision against subletting is to be construed most strongly against the landlord, and if, in the instant case, plaintiffs had desired to prevent the subletting of the premises to a business competitor they should have so stated in the lease. Not having done so, we think their objection to the subtenant, namely, that he would be a business competitor of plaintiffs, was arbitrary and unwarranted.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.