CHANSLOR-WESTERN OIL AND DEVELOPMENT COMPANY, Plaintiff-Appellee, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Defendant-Appellant—(AMERICAN SUGAR COMPANY, Co-defendant.)

(No. 54561;

First District—November 23, 1970.

Allen S. Lavin, of Chicago, (Fred F. Herzog, of counsel,) for appellant.

Smith, R. Brittingham, Floyd Stuppi, Gus Svolos, and Melvin Saul Cahan, all of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal by defendant Metropolitan Sanitary District as lessor from a decree declaring that defendant unreasonably withheld consent to a sublease between the plaintiff-lessee, Chanslor-Western Oil and Development Company and the co-defendant, American Sugar Company. Plaintiff instituted an action for declaratory relief against defendant Metropolitan Sanitary District and subsequently moved for summary judgment. The trial court granted the motion and entered a judgment for plaintiff. The issue presented for review is whether defendant's withholding of consent to the proposed sublease to American Sugar Company was unreasonable when conditioned on one of defendant District's rules which requires that consent be withheld until the land is reappraised and a new and realistic schedule of rent payments is established.

Defendant Metropolitan Sanitary District (hereinafter the District) entered into a lease agreement of certain District property with International Harvester Company on July 3, 1952. The term of the lease was 99 years, beginning with the first day of July, 1952 and ending on June 30, 2051. The rent for the first fifteen years of the lease was $220,680; for the succeeding fifteen years, $257,460; for the succeeding twenty years, $392,320. At the termination of the first fifty years of the lease, the premises were to be reappraised and rental was to be a certain percentage of the appraised valuation. The lease also provided that International Harvester was to have the right to sublet the premises upon obtaining the consent of the District in writing.

On June 28, 1961, International Harvester assigned this lease to plaintiff Chanslor-Western Oil and Development Company (hereinafter Chanslor-Western). The assignment was accepted by Chanslor-Western with amendments, one of which was a modification of the original provision on subletting the premises. After the words "upon the consent in writing of the lessor" the clause "which consent shall not be unreasonably withheld by the lessor" was added. The District consented to the assignment, together with the amendments, and released International Harvester from its obligations under the original lease.

On May 9, 1963, the Board of Trustees of the Sanitary District adopted as an official District rule the following motion: "The consent of the Sanitary District to an assignment of a lease shall be withheld until the land is reappraised and a new and realistic schedule of rent payments is established." On October 18, 1968, Chanslor-Western contracted with American Sugar Company to sublet some of the leasehold property. When plaintiff Chanslor-Western attempted to obtain defendant District's consent to the sublease, the District replied that the rules and regulations

of the Board of Trustees, as adopted on May 9, 1963, required that consent be withheld until the land is reappraised and a new and realistic schedule of rent payments established. Hence, plaintiff's action for declaratory relief.

■■■ The Metropolitan Sanitary District is a municipal corporation created under Illinois law. A municipal corporation has only those powers expressly granted by the legislature and those powers necessary to carry out its specific powers. The District is empowered to "contract and be contracted with" (Ill. Rev. Stat. 1961, ch. 42, sec. 322) and may enter into contracts of lease when its trustees have formed the opinion that the premises to be demised are no longer needed for the corporate purpose. (Ill. Rev. Stat. 1961, ch. 42, sec. 327.) The District contends for the proposition that the rights and obligations of the parties to a lease agreement for District property must be viewed in the light of the public interest which affects the character of the lease agreement. We point out that nowhere in the statutes enumerating the District's powers are the terms "contract" or "lease" specially defined. A municipal corporation stands upon the same footing as other corporations in regard to its property. (*Sherlock v. Village of Winnetka* (1871), 59 Ill. 389, 390.) The District's power to lease is proprietary in nature and is not an aspect of its governmental function.

Article 7.01 of the lease which pertains to assigning or subletting the demised premises is condition upon the District's written consent "which consent shall not be unreasonably withheld". The term "which consent shall not be unreasonably withheld" and similarly phrased terms have been the subject of much litigation. In *Gelino v. Swannel* (1931), 263 Ill.App. 235, the court in construing a similarly phrased term held that "the owners of the premises had no right to refuse to permit an assignment of the lease or the subletting of the property to anyone on purely racial grounds." In *Mowatt v. 1540 Lake Shore Drive Corp.*, 385 F.2d 135, the Federal court, applying the Illinois law, found that the landlord's rejection of the proposed assignment on the basis of the insolvency and disreputable character of the assignees met the reasonable grounds criterion of the lease. A case from a foreign jurisdiction has the most extensive treatment of the disputed term. In *Broad and Branford Place Corp. v. J. J. Hockenjos Co.* (1944), 132 N.J.L. 229, 39 A.2d 80, 82, the Supreme Court of New Jersey stated:

> "Arbitrary considerations of personal taste, sensibility, or convenience do not constitute the criteria of landlord's duty under an agreement such as this * * * the standard is the action of a reasonable man in the landlord's position * * * questions of reasonableness of

conduct and good faith are ordinarily for the judgment of the trier of facts. Yet, such are questions of law for the court when facts are undisputed and not fairly susceptible of divergent inferences.

There is a covenant in the words 'which consent shall not be unreasonably withheld.' The phrase is not merely restrictive of the character and nature of the tenant's covenant, i.e., that it was not to operate at all if the assent of the landlord be arbitrarily withheld. A peremptory duty was thereby laid upon the landlord to act when his consent was invoked, and to be governed therein by the standard of reason. That was his undertaking by language not fairly susceptible of the contrary interpretation."

In the controlling case in this jurisdiction, *Edelman v. F. W. Woolworth Co.* (1929), 252 Ill.App. 142, 145, the court elaborated on the phrase "such consent shall not be unreasonably withheld" as follows:

"The provision against subletting is to be construed most strongly against the landlord, and if, in the instant case, plaintiffs had desired to prevent the subletting of the premises to a business competitor they should have so stated in the lease. Not having done so, we think their objection to the subtenant, namely, that he would be a business competitor of the plaintiff is arbitrary and unwarranted."

In the instant case, the lease did contemplate the probability of appreciated value and contains specific provisions concerning the matter. Article 2.01 increased the rental by $2,452 a year after June 30, 1967. On June 30, 1982, the original annual rental will be increased by $4,904. In 2002 the land is to be reappraised and the annual rental thereafter to be fixed at 6 percent annually from July 2017 until June 30, 2032, and 8 percent annually from that date until the lease expires. In spite of those provisions, the District contends that pursuant to its adopted rules of May 9, 1963, it may condition consent on a reappraisal of the land and the establishment of a new rent schedule. In our view, it cannot be seriously maintained that the parties contemplated a re-negotiation of the rental each time consent to a sublease was requested. Such an interpretation is inconsistent with the detailed provisions of the lease reserving a fixed and escalating rental to the landlord until the year 2051. Consequently, we hold that defendant's withholding of consent on the condition of reappraisal and establishment of a new rent schedule is arbitrary and unreasonable.

Defendant attempts to support its appeal by taking the following positions: (1) it analogizes its policy of reappraisal to the taxing authority's power of reassessment and revaluation pursuant to Illinois Revised Statutes, Chapter 120, Section 518; (2) it contends that its rules and regulations as adopted on May 9, 1963, did not change the terms of the

lease agreement but gave the term in dispute, "reasonableness", certain definite contours within the existing framework of the lease; (3) it contends that the lower court misread *Edelman v. F. W. Woolworth Co., supra,* and erred in placing the burden of proof upon the defendant District as to the reasonableness of withholding of consent.

■■ We reject all of defendant District's contentions. First, the analogy drawn between the instant situation and the power of reassessment under the Revenue Act is inappropriate. Defendant District does not have the statutory power that is conferred upon the taxing authorities by Ill. Rev. Stat. 1961, Ch. 120, Sec. 518. Second, defendant's contention that changes in the policy of a public agency which, though not altering the contractual terms of the lease, gives them new meaning and content is without merit. Obligations under a contract between a municipal corporation and another party cannot be impaired by a subsequent legislative enactment by the municipal corporation. *Chalstran v. Board of Education* (1910), 244 Ill. 470, 473, 91 N.E. 712. Third, we find the trial court did not misread *Edelman v. F. W. Woolworth Co., supra.* The court in *Edelman* declared at 252 Ill.App. 142, 145:

"If there was no provision in the lease against subletting, defendant (tenant) would have a right to sublet or assign the lease and it was to prevent this that plaintiffs (landlord) had the covenant inserted in the lease to cut down defendant's right to sublet it as it pleased. *Houlder Bros., Ltd. v. Gibbs,* L.R. (1925) 1 Ch. 575.

The provision against subletting is to be construed most strongly against the landlord  *  *  *"

The covenant in the instant case placed a restriction on the lessee's freedom to sublet as it pleased. Therefore, the provision is to be construed most strongly against the defendant District. We hold that the trial court did not err in finding that plaintiff met its burden of proof. For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and MURPHY, J., concur.