AMERICAN NATIONAL BANK AND
TRUST COMPANY OF CHICAGO,
et al., Plaintiffs,

v.

HOYNE INDUSTRIES, INC., Defendant.

No. 88 C 7756.

United States District Court,
N.D. Illinois, E.D.

May 29, 1990.

Thomas W. McNamara, Michael T. Brody, Jenner & Block, Chicago, Ill., for plaintiffs.

Clifford J. Shapiro, Arnold A. Pagniucci, Sachnoff Weaver & Rubenstein, Ltd., Chicago, Ill., Sidney N. Freeman, McNamara & Freeman, Uniontown, Ohio, pro had vice, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

The parties have filed cross-motions for partial summary judgment. Neither party has fully complied with the rules governing the making of motions in this court.

The Federal Rules of Civil Procedure provide that a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." FRCP 7(b). The General Rules of this court provide that "[a]ll motions shall state with particularity the grounds therefor and the relief requested." United States District Court, Northern District of Illinois, General Rule 12(c). Neither party's motion for partial summary judgment states with particularity the grounds for the motion. That the grounds are stated in the memoranda of the parties does not bring the motions into compliance with the applicable rules. In fact, the boilerplate generalities of defendant's motion appear to have been adopted without consideration of their applicability to the argument defendant makes, as the motion requests a "summary judgment dismissing the Complaint" while the memorandum sets forth no grounds

which would warrant dismissal of the complaint and in fact only seeks to limit trial to "the amount of repair, if any, for which defendant is liable to plaintiffs." Defendant has also exceeded the 15 page limitation in its memorandum in support of its motion for partial summary judgment, submitting a memorandum of 17 pages, interestingly without page numbers, without obtaining prior approval of the court. United States District Court, Northern District of Illinois, General Rule 9(d). Although decision of the cross motions for summary judgment has been unnecessarily complicated by the failure of the parties to abide by the rules, the court will proceed to decide them in view of the nearness of the trial date.

The complaint at bar contains six counts, three of which are premised on defendant's being liable for breaches of a lease of what is called the Ogden property and three of which are premised on defendant's being liable for breaches of a lease of what is called the 59th Avenue property. In their motion for summary judgment, plaintiffs contend that there is no genuine issue of material fact as to defendant's breach of both of the leases, and requests summary judgment as to liability on all six counts leaving for trial the question of damages. In its motion for summary judgment, defendant contends that there is no genuine issue of material fact that there was no privity of contract between defendant and plaintiffs and that there is no genuine question of material fact that plaintiffs did not properly mitigate damages after defendant vacated the premises. According to defendant, under either of these theories, there remains only a question as to damages for necessary repairs.

> Summary judgment should be rendered: [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FRCP 56(c). For the reasons stated below, plaintiffs' motion for partial summary judgment is granted and defendant's motion for partial summary judgment is denied.

The undisputed facts show that plaintiff, American National Bank, holds, and has at all relevant times held, title as an Illinois land trustee to a piece of real property at 5829 West Ogden (the Ogden property) in Cicero. Plaintiff Midwest Bank holds, and has at all relevant times held, title as an Illinois land trustee to an adjacent piece of real property at 3215 South 59th Avenue (the 59th Avenue property) in Cicero. On March 13, 1969, plaintiff American National Bank and a corporation that is not a party to this lawsuit, Hoyne Industries, Inc. (Old Hoyne), entered into a fifteen-year lease of the Ogden property. Pursuant to an agreement with American National Bank, Old Hoyne took possession of the property on June 15, 1969. In late 1983, Old Hoyne exercised its option under the lease and renewed it for an additional five years, thus keeping the lease in effect through June 15, 1989. On April 1, 1986, Old Hoyne and plaintiff Midwest Bank entered into a lease of the 59th Avenue property. This lease, too, was to terminate on June 15, 1989.

On March 20, 1987, the parent corporation of Old Hoyne transferred most of the assets and many of the liabilities of Old Hoyne to defendant, Hoyne Industries, Inc. (New Hoyne), pursuant to an Agreement for Purchase (Agreement). New Hoyne vacated both properties on or about January 31, 1988. Plaintiffs attempted to rent the properties for considerably more than defendant had been paying.

The parties are agreed that New Hoyne was responsible for rent, taxes, and repairs up until the date on which defendant vacated the premises on January 31, 1988. They disagree as to whether New Hoyne was responsible for any of those items after it vacated the premises.

The basis of the parties' disagreement is defendant's claim that New Hoyne was not in privity of contract with plaintiffs, and so was not responsible to perform under the lease. The Illinois Supreme

Court has stated the law applicable to the issue raised as follows:

[I]t has long been the law of Illinois that if the assignee of a lease does not assume the obligations thereof, then, as between the original lessor and such assignee there is privity of estate but not privity of contract; and the assignee is liable for rent only while such privity of estate continues, and may terminate further liability by assigning the lease and going out of possession. On the other hand, if there is an assumption of the lease obligations, then privity of contract also results and the assignee cannot shake off his contractual obligations by asking an assignment or going out of possession.

*Leitch v. New York Central Railroad Company*, 388 Ill. 236, 242, 58 N.E.2d 16, 18–19 (1944). In the case at bar, the undisputed facts indicate that defendant New Hoyne assumed the obligations of the leases.

The Agreement provided:

4. *Liabilities Retained by Sellers.* It is understood and agreed that the Buyer is acquiring only the Purchased Assets and, except for the Assumed Liabilities, shall assume no debts, obligations or liabilities of any nature whatsoever. . . .

.  .  .  .  .

*Exhibit 3(i) Assumed Liabilities*
From and after the Effective Date of Closing, Buyer shall assume, pay, perform and discharge all debts, obligations, contracts and liabilities of the Subsidiaries and subsidiaries of the Subsidiaries of any kind, character or description (and whether or not reflected or reserved against the Balance Sheet, books of accounts and records), all as the same shall exist at the Effective Date of Closing, except:

.  .  .  .  .

(c) any liabilities not disclosed or reflect in this Agreement and the Exhibits hereto. . . .

.  .  .  .  .

Exhibit 6(1) Material Contracts (Continued)
*Hoyne*
*Leases*
Cicero, Illinois plant, Lessor Ogden Avenue Industrial Park, American National Bank and Trust Company of Chicago, Daniel J. O'Leary, Agent, 6/15/84 to 6/15/89.

Cicero, Illinois plant addition, 3215 South 59th Avenue, Lessor, Midwest Bank and Trust Company, Daniel J. O'Leary, Agent, term ending 6/15/89[.]

It is hard to imagine a clearer expression of the intent of Old Hoyne to assign the leases and, more importantly, of the intent of New Hoyne to assume Old Hoyne's obligations under the lease.

New Hoyne argues that:

Old Hoyne notified plaintiffs by letter sent on or about December 15, 1986, that it wished to assign the subject leases to New Hoyne, and requested the lessor's consent to an assignment and assumption agreement. Plaintiffs did not respond. Plaintiffs' own conduct prevented them from acquiring privity of contract with New Hoyne. As a result, this court must conclude, as a matter of law, that defendant's obligations to the plaintiffs ceased when the privity which existed between them based on the estate was terminated: January 31, 1988.

This is insufficient to warrant a conclusion that New Hoyne did not assume the obligations under the leases.

It is initially noteworthy that despite the failure of plaintiffs to respond to the December 15, 1986, letter requesting consent to the assignments, the Agreement by which New Hoyne assumed the obligations under the lease was nevertheless subsequently executed on March 20, 1987.

Defendant relies principally upon paragraph 6(o), paragraph 11(f), paragraph 21, and exhibit 6(o) of the Agreement in response. Paragraph 11(f) of the Agreement provides:

11. *Conditions Precedent of the Buyer.* The obligations of the Buyer

hereunder are subject to the conditions that on or prior to the Closing Date:

. . . . .

(f) *Approvals.* The approvals and consents contemplated in Sections 6(*o*) and 7(c) shall have been obtained.

Paragraph 6(*o*) of the Agreement provides:

6. *Representations and Warranties of the Sellers.* The Sellers hereby jointly and severally represent and warrant to the Buyer as follows:

. . . . .

(*o*) *Consents and Approvals.* The execution, delivery or performance of this Agreement by the Sellers, and the subsidiaries of the Subsidiaries and the consummation of the transactions contemplated hereby do not require any consent, waiver, approval, license or authorization of, or declaration, filing or registration with, any governmental or regulatory authority or any other person or entity except for (i) requirements of the Securities Exchange Act of 1934, as amended, (ii) approval by the lenders and debenture holders party to the Credit Agreement and (iii) the other filings, approvals or consents set forth in Exhibit 6(*o*) hereto.

Exhibit 6(*o*) states, in part:

Consents of lessors are required by the terms of real and personal property lease agreements. Except in the case of showroom leases, real property leases generally provide that consent may not be unreasonable [sic] withheld. Consents of licensors under license agreements are required.

Paragraph 21 provides:

21. *Parties.* Nothing contained in this Agreement is intended or shall be construed to give any person or corporation, other than the parties hereto and their respective successors and permitted assigns, any legal or equitable right, remedy or claim under or in respect of this Agreement or any provision herein contained, this Agreement being intended to be and being for the sole and exclusive benefit of the parties hereto and their respective successors and permitted assigns and for the benefit of no other person or corporation.

The foregoing provisions of the Agreement do not indicate an intent to limit the rights of parties to assumed agreements. Even if that were the intent, no limitation of the rights of the plaintiff lessors in the case at bar would be warranted.

Paragraph 6(*o*) merely warrants that only the listed consents are required to consummate the transactions listed in the Agreement. Exhibit 6(*o*) notes in general terms the requirement of consents in real estate leases. In light of these two provisions, paragraph 11(f) can only be taken as mandating approvals and consents that are necessary to complete the transactions. The lease of the Ogden property did not require the lessor's consent to be assigned. The lease of the 59th Avenue property did require the consent of the lessor to be assigned, however:

It is well established that restrictions against assignment are intended solely for the benefit of the lessor.... Where a tenant has attempted assignment of a lease in contravention to its terms, the assignment is not void but merely voidable by the landlord.... If the landlord does not elect to treat the leasehold as void, the requirements of the lease regarding assignment are deemed waived.

*Woods v. North Pier Terminal Co.,* 131 Ill.App.3d 21, 23–24, 475 N.E.2d 568, 570 (1985). In the case at bar, plaintiff lessor did not treat the 59th Avenue property lease as void so the requirements of the lease regarding assignment are deemed waived and the assignment was effective.

Paragraph 21's provision that the Agreement gives no rights to anyone one other than the parties to the Agreement is not to the contrary. In the case at bar, plaintiffs are claiming rights under leases, not under the Agreement. The relevance of the Agreement is to the question of whether New Hoyne, a party to the Agreement, assumed those leases.

Accordingly, there is no genuine issue of material fact as to defendant's liability under the leases and plaintiffs are entitled to partial summary judgment on that issue.

There remains defendant's claim that it is entitled to partial summary judgment because plaintiff failed to properly mitigate damages. In this diversity action, this court:

[M]ust apply the state law that would be applied in this context by the Illinois Supreme Court. *Hill v. International Harvester Co.*, 798 F.2d 256, 261 n. 12 (7th Cir.1986). Intermediate appellate court cases are useful but not binding evidence of what the Illinois Supreme Court would do in a similar case. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Hill*, 798 F.2d at 261 n. 12; *White v. United States*, 680 F.2d 1156, 1159, 1161 (7th Cir.1982); *Gates Rubber Co. v. USM Corp.*, 508 F.2d 603, 607 (7th Cir.1975) (Stevens, J.). See generally C. Wright, The Law of Federal Courts 373–374 (4th ed. 1983).

*Green v. J.C. Penney Auto Insurance Company, Inc.*, 806 F.2d 759, 761 (7th Cir. 1986). *LeRose v. City of Zion/Police Department*, 696 F.Supp. 1222, 1224 (N.D.Ill. 1988). The two leases present somewhat different mitigation of damages questions under Illinois law and so will be discussed separately.

■ The lease of the 59th Avenue property provided:

Landlord shall use reasonable efforts to mitigate its damages arising out of Tenant's default; Landlord shall not be deemed to have failed to use such reasonable efforts ... by reason of the fact that Landlord has sought to relet the Leased Premises at a rental rate higher than that payable by Tenant under the Lease (but not in excess of the then current market rental rate).

The parties to this lease thus restricted the obligation of the landlord to use reasonable efforts to mitigate damages with respect to the rental rate sought. So long as the rental rate sought was not in excess of the current market rental rate, the landlord had not breached its duty to mitigate damages by asking for more than the tenant was paying.

Under Illinois law:

When parties dealing at arms-length enter into a contract, the law allows them, within reasonable limits, to shape the terms of that contract as they please. Within these limits, parties to a contract can exclude or restrict the remedies that a party may have for breach of that contract when the only losses that are suffered on account of that breach are economic losses.... If the contract is breached, and economic losses are the only damages claimed, a court looks first to the contract to determine if and to what extent a party can recover those losses.

*Album Graphics, Inc. v. Beatrice Foods Co.*, 87 Ill.App.3d 338, 349, 42 Ill.Dec. 332, 341, 408 N.E.2d 1041, 1050 (1980). The 59th Avenue property's lease was entered into by two parties dealing at arms-length, and the only damages claimed for the breach of that lease are economic losses. This court is of the opinion that, at least as between two commercial parties dealing at arms-length when only economic losses are claimed as damages, the Illinois Supreme Court would give effect the provision of the 59th Avenue lease provision at issue. Therefore, the terms of the lease will be given effect and plaintiff Midwest Bank's failure to attempt to rent the 59th Avenue property at the same rental rate as those premises were rented to defendant was not a breach of its obligation to mitigate damages.

The case principally relied upon by defendant in its mitigation of damages argument does not require a contrary result. Although the lease in that case did contain a provision reserving to the landlord discretion in the reletting of premises, it did not contain a provision like that in the 59th Avenue property's lease specifically restricting the landlord's obligation to mitigate damages by providing that it is not a failure to use reasonable efforts to mitigate damages if the landlord seeks a higher rental rate than that paid by the tenant so long as it does not exceed the current market rental rate. See *MBC, Inc. v. Space Center Minnesota, Inc.*, 177 Ill. App.3d 226, 126 Ill.Dec. 570, 532 N.E.2d

302

255 (1988). *MBC* accordingly does not concern the issue raised with respect to the 59th Avenue property's lease. The court would also note that the Illinois statute requiring that a landlord "take reasonable measures to mitigate the damages recoverable against a defaulting lessee" neither defines "reasonable measures" nor restricts the rights of the parties to define that term. Ill.Ann.Stat., ch. 110, § 9–213.1 (Smith–Hurd 1989 Supp). That statute, therefore, also does not require a contrary result.

■ The lease of the Ogden property contained no provision on the subject of mitigation of damages. The applicable Illinois statute provides:

> After January 1, 1984, a landlord or his or her agent shall take reasonable measures to mitigate the damages recoverable against a defaulting lessee.

Ill.Ann.Stat., ch. 110, § 9–213.1 (Smith–Hurd 1989 Supp). This statute does not specify in any way what "reasonable measures to mitigate" damages are. In *MBC* the court held that a landlord had not taken reasonable efforts to mitigate damages when it sought to relet premises at a rate much higher than that at which it had rented to its defaulting tenant. *MBC, Inc. v. Space Center Minnesota, Inc.*, 177 Ill. App.3d 226, 126 Ill.Dec. 570, 532 N.E.2d 255 (1988). Although *MBC* was decided as a matter of construction of a lease term and as a matter of common law, there seems no reason the court would have reached a different result under the statute.

However, the statute does not mandate such a rigid result, being phrased in flexible and general terms. Moreover, this court's research has not revealed any case in which *MBC* was followed, or even cited. This court is of the opinion that the Illinois Supreme Court would not take such a rigid view of the mitigation of damages question under the statute, and would instead find that the question of whether attempts to relet at a higher rental rate constitute reasonable efforts to mitigate damages is generally a question of fact to be decided by the trier of fact based on all of the evidence in a case. The court would also note that even if efforts to relet at a higher rental rate were per se unreasonable, there would remain the factual questions of whether and how soon the premises could have been relet at the same rental rate as had been paid by the defaulting tenant.

Plaintiffs are therefore entitled to partial summary judgment on the issue of liability on all six counts of the complaint. Defendant is not entitled to partial summary judgment either as to liability or as to the mitigation of damages issue.

ORDERED: Plaintiffs' motion for partial summary judgment is granted. Defendant's motion for partial summary judgment is denied. Partial summary judgment is entered for plaintiffs and against defendant as to liability on all six counts of the complaint.